ROBERT H. McCROSKEY, plaintiff in error, *vs.* JOSEPH A. MABRY, defendant in error.

(BY TWO JUDGES)—1. Where a factor is sued in another State for the price of goods consigned to him, which he had sold, and pleads that he has fully accounted with his consignor, and paid him, which suit is determined against him, and judgment rendered in favor of the con-signor, the factor is estopped from afterwards suing the consignor for expenses incurred in preparing said goods for sale and for freight

paid by him on the goods, and advances made upon them and com-
missions, where such former judgment is pleaded against him.
2. Whether a citizen of Georgia is liable to pay taxes on an open ac-
count due him by a non-resident—quere.   12th March, 1872.

Former recovery.    Relief Act of 1870.    Tax.    Before
Judge HOPKINS.    Fulton Superior Court.    October Term,
1871.

This was an attachment upon an open account by McCrosky
against Mabry as a non-resident.    The character of their suit
and of the defense is stated in the opinion.    After the evi-
dence *pro* and *con* was introduced, both upon the merits and
as to to whether McCroskey had paid taxes on the claim
(which was an open account made before June, 1865,) and after
argument had, the Court charged the jury among other things
by reading to them the fourth section of the Relief Act of
1870, and said that they should inquire whether the claim
had been regularly given for taxes and the taxes paid, and
if they were not satisfied that these things were so, they
should so find.

McCroskey's counsel had contended in argument that no
taxes were due on the claim because Mabry was a non-resi-
dent of this State, and because, until the judgment was ren-
dered in Tennessee (which was since June, 1865,) the par-
ties had mutual accounts against each other about equal, and
the case was not covered by the Relief Act.

The jury found that the taxes had not been paid and the
Court thereupon dismissed the cause, under said Relief Act.
A motion for a new trial, upon the grounds that his said charge
and dismissal were wrong, (and other grounds not neccessary
here) was overruled.    Upon that error is assigned.

R. ARNOLD; E. N. BROYLES, for plaintiff in error.    The
claim was not taxable: Morrison *vs.* Warner by this Court,
Oct., 1871, and Kelly *vs.* Carter, Feb'y, 1872; Rev. Code,
sec. 798; 14th Ga. R., 379; 15th, 521; Aiken *vs.* Cameron by

McCroskey *vs.* Mabry.

this Court, Sept. 20th, 1871, and Ezzard *vs.* Worrill, Feb., 1872.

P. L. MYNATT relied on Relief Act of 1870, and said taxes aside plaintiff could not recover; the former recovery estopped him: 2 Phil. on Ev., secs. 35, 41, 42; 7th Ga. R., 211, 436; 31st, 34; and 2 Kernan N. Y. R., 150.

MONTGOMERY, Judge.

This was an attempt by a factor to recover from his consignor expenses incurred and remittances made, on account of goods consigned to him for sale. He had been sued in another State for the price of the goods, and there pleaded that he had fully accounted and paid for the goods. These issues were found against him. One item of the claim in the attachment suit was a bureau sold to the defendant for $20, after the foreign suit had been commenced. To the attachment suit former recovery was pleaded, and the record of the foreign judgment offered in evidence. It was also objected that plaintiff in attachment had not paid taxes on his claim, (it being founded on a contract entered into before June, 1865,) and the jury, to whom an issue made on this point was referred, so found.

1. We think the former recovery was well pleaded in estopel. The suit is evidently for amounts set up in the former suit by way of defense, and which the present plaintiff, and then defendant, failed to prove on the trial. He is, of course, entitled to recover the price of the bureau sold to defendant, after the commencement of the former suit.

2. We doubt if he was obliged to pay taxes on an open account, due him by a non-resident on a debt founded on a contract made before June, 1865. It is, however, not necessary to decide that question.

We affirm the judgment of the Court below, provided defendant in error will confess judgment to the plaintiff in

the case for $20, the price of the bureau sold in 1866. Otherwise, the judgment to be reversed.

Our judgment upon the more important issues presented, is stated in the head-notes.